CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

for Roanoke

NOV - 2 2006

JOHN F. CORCORAN, CLERK
BY: M. Huff
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| ANDREW P. WINDSOR, | ) | |
| Petitioner, | ) | Civil Action No. 7:06cv00592 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| B. A. BLEDSOE, et al., | ) | By: Hon. Jackson L. Kiser |
| Respondents. | ) | Senior United States District Judge |

Petitioner Andrew P. Windsor, #16939-083, a federal inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241. Windsor alleges that the Bureau of Prisons "failed to fully consider [his] nunc pro tunc request for concurrent service of [his] state and federal sentence[s]."

Section 2241 provides a means for a prisoner in federal custody to attack the execution of a particular federal sentence. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Where there is some deprivation of a right to which a prisoner is entitled or the imprisonment is more burdensome or oppressive than the law allows, the Supreme Court has left open the possibility that a writ of habeas corpus may issue. Presier v. Rodriguez, 411 U.S. 475, 499 (1973). Here, Windsor has failed to establish the deprivation of a constitutionally protected right warranting habeas relief. Inasmuch as Windsor's petition does not challenge the legality or duration of his current confinement in federal prison or the denial of parole, he is not entitled to relief under 28 U.S.C. § 2241.[*]

Additionally, petitioner's "STATEMENT OF FACTS SHOWING THAT PETITIONER HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES" states merely that petitioner "serve[d] on the Regional Director a **Nunc pro Tunc** [sic]" petition. Petitioner presents no evidence whatsoever that he exhausted administrative remedies regarding this claim. A prisoner must exhaust

---

[*] The crux of petitioner's argument is that the Bureau of Prisons should have granted his nunc pro tunc request and, on October 26, 2006, released him from United States Prison Lee County to a halfway house. However, an agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute. See Chevron v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984). Petitioner has failed to make any such showing.

administrative remedies prior to filing suit in federal court. <u>See</u> 42 U.S.C. § 1997e(a). Only after a prisoner has exhausted all available administrative remedies through the Bureau of Prisons can he seek judicial review of the computation of his sentence. <u>See Branden v. 30th Judicial Cir. Ct.</u>, 410 U.S. 484, 489-92 (1973).; <u>see also</u> <u>Pelissero v. Thompson</u>, 170 F.3d 442, 445 (4th Cir. 1999). The burden of proving that a claim has been exhausted lies with the petitioner. <u>Mallory v. Smith</u>, 27 F.3d 991, 994 (4th Cir. 1994). Therefore, I must dismiss this petition for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

**ENTER**: This 2nd day of ~~October~~ November, 2006.

Senior United States District Judge

2